UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 25-18-DLB

JASON MICHAEL TERRELL                                                                    PETITIONER

v.                      MEMORANDUM OPINION AND ORDER

CHRISTOPHER ENTZEL, WARDEN                                                  RESPONDENT

\*\*\* \*\*\* \*\*\* \*\*\*

Federal inmate Jason Michael Terrell filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. # 1). Terrell contends that the Bureau of Prisons ("BOP") has improperly refused to award him sentence credits under the First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), for the 322-day period after his arrest by federal authorities but before he first arrived at a federal prison. *Id.* Respondent Christopher Entzel has filed a response on behalf of the BOP. (Doc. # 9). Terrell did not file a reply and the deadline to do so has expired. Having considered the record and the parties' arguments, the Court will **deny** Terrell's petition.

Terrell was charged with various offenses in the United States District Court for the Southern District of West Virginia on August 25, 2020. *See United States v. Terrell*, No. 2:20-cv-154-1. Federal officials arrested him the following day and he was held at a contract facility for the duration of the criminal proceedings. Terrell ultimately pled guilty to one count of conspiring to distribute methamphetamine and was sentenced to 135 months of imprisonment on May 17, 2021. He arrived at his designated federal institution

(the Federal Correctional Institution in Ashland, Kentucky ("FCI Ashland")) to begin serving his sentence on July 15, 2021.

Pursuant to the FSA, eligible inmates who successfully complete evidence-based recidivism reduction programming ("EBRR") or productive activities ("PAs") earn 10 days of time credits for every 30 days of successful participation.  18 U.S.C. § 3632(d)(4)(A)(i).  An eligible inmate determined "to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation."  18 U.S.C. § 3632(d)(4)(A)(ii).  Terrell contends that the BOP erred in failing to award him FSA time credits for the period of August 26, 2020 through July 14, 2021.

As a threshold matter, Terrell is not entitled to time credits for the period he was in pretrial detention leading up to his sentencing hearing (August 26, 2020 to May 17, 2021).  *See* 18 U.S.C. § 3632(d)(4)(B)(ii) ("A prisoner may not earn time credits under this paragraph for an evidence-based recidivism reduction program that the prisoner successfully completed . . . during official detention prior to the date that the prisoner's sentence commences under section 3583(a)."); *United States v. Meeks*, 6:17-CR-70-CHB-6, 2023 WL 5111950, at *7 (E.D. Ky. Aug. 9, 2023) (quoting *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980) ("A federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.").

Terrell's claim regarding earned time credits from May 17, 2021 to July 14, 2021 also fails.  Even though Terrell's sentence commenced on May 17, 2021, an inmate must successfully complete EBRR programming or PAs to earn FSA credits.  *See* 18 U.S.C. § 3632(d)(4)(A).  And generally speaking, "successful participation" requires, at a minimum,

actual participation—which Terrell does not allege.  28 C.F.R. § 523.41(c)(2).  There are regulatory exceptions to the actual participation requirement, such as where the BOP temporarily suspends prison operations or itself interrupts the EBRR programming.  In such cases, the inmate is still considered to be successfully participating.  *See* 28 C.F.R. § 523.41(c)(3).  Conversely, by regulation the BOP has established a non-exclusive list of circumstances where an inmate is generally *not* considered to be successfully participating.  *See* 28 C.F.R. § 523.41(c)(4).  Pertinent here, these include "[d]esignation status outside the institution (e.g., for extended medical placement in a hospital or outside institution, an escorted trip, a furlough, etc.)."  *See* 28 C.F.R. § 523.41(c)(4)(ii). *See also* BOP Program Statement 5410.01, § 6, p. 10 (Mar. 10, 2023) ("an inmate cannot earn FTC when not in Bureau custody, including when in U.S. Marshals Service custody prior to arriving at their designated facility, regardless of where they are housed.").

Terrell appears to argue that the BOP violated his constitutional right to due process by not offering EBRR programming or PAs to him while he was in transit to FCI Ashland.  But "[c]ourts . . . have routinely found that a federal inmate does not have a liberty interest in receiving credits under the First Step Act."  *Herrera v. Rardin*, No. 4:24-cv-11492, 2024 WL 5059149, at *3 (E.D. Mich. Dec. 10, 2024).  Moreover, courts have consistently upheld the BOP's decision to deny FSA credits to inmates who were unable to complete the required PAs or EBRR training because they were temporarily outside the prison walls.  *See White v. Warden, Fed. Corr. Inst. - Cumberland*, No. 22-CV-2371-DKC, 2023 WL 4867562, at *8-9 (D. Md. July 31, 2023) (holding under *Chevron, U.S.A., Inc. v. NRDC, Inc.*, 467 U.S. 837 (1984) that 28 C.F.R. § 523.41(c)(4)(ii) is a valid regulation disallowing FSA credits for federal inmates in transit status); *see also Smith v.*

3

*Eischen*, No. 22-CV-1704 (NEB/DJF), 2023 WL 4203165, at *1 (D. Minn. June 27, 2023) ("Eligible inmates are not 'successfully participating' in programming when they are in transit to 'the custody of another Federal or non-Federal government agency.'"); *Yanagihara v. Derr*, No. 22-CV-145-JAO-RT, 2023 WL 2163685, at *5 (D. Haw. Feb. 22, 2023); *Caudillo v. Carter*, No. 22-CV-01265-CNS, 2022 WL 17454446, at *4 (D. Colo. Dec. 6, 2022); *Mohammed v. Warden Stover, FCI Danbury*, No. 3:23-CV-757 (SVN), 2023 WL 7300592, at *3 (D. Conn. Nov. 6, 2023); *Alvarez v. Cox*, No. 2:23-CV-00018, 2023 WL 9110918, at *4 (S.D. Tex. Nov. 3, 2023), *report and recommendation adopted*, 2024 WL 69079 (S.D. Tex. Jan. 5, 2024); *Cabebe v. Derr*, No. 22-CV-496 SOM-KJM, 2023 WL 2713652, at *2 (D. Haw. Mar. 30, 2023). See also *Cobb v Berkholz*, No. 3:23-cv-1763-JE, 2025 WL 1865789, at *4 (D. Or. July 7, 2025) (declining to instruct the BOP to make EBRR programs available to adults in custody "during short, transitory periods").

Accordingly, for the reasons stated herein --

**IT IS ORDERED** that Jason Michael Terrell's petition for a writ of habeas corpus (Doc. # 1) is **DENIED** and that this matter is **STRICKEN** from the docket.

This 21st day of July, 2025.



Signed By:
David L. Bunning
Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\PSO Orders\Terrell 0-25-18 Deny 2241.docx